UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RANDAL C. CURTIS | : | CIVIL ACTION NO. 2:12-cv-2561 |
| LA. DOC #164836 | | SECTION P |
| | : | |
| VERSUS | | JUDGE MINALDI |
| | : | |
| WARDEN HOWARD PRINCE | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Randal Curtis (hereafter, "petitioner").  Petitioner is in the custody of the Louisiana Department of Public Safety and Corrections and he is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  Petitioner attacks his 2007 conviction and sentence imposed by the 36th Judicial District Court in and for Beauregard Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## I. BACKGROUND

Petitioner's original habeas application was deficient in several aspects.  Therefore, this court issued an amend order instructing him to provide documentation in support of his claims. Doc. 15.  Petitioner, through his attorney, timely filed a response.  Doc. 17

A review of the pleadings and exhibits establishes the following relevant chronology:

- *September 19, 2007*:  Petitioner was found guilty of attempted molestation of a juvenile, molestation of a juvenile, and carnal knowledge of a juvenile, after a jury trial;

- *October 17, 2007*:  Petitioner was sentenced to 30 years at hard labor.  Petitioner timely appealed his conviction and sentence to the Louisiana Third Circuit Court of Appeal.

- *June 5, 2008*:  The appellate court affirmed the conviction but reduced petitioner's sentence on one of his counts.  The remaining sentences were affirmed.  2008-99, *State of Louisiana v. Curtis,* 987 So.2d 294 (La. App. 3rd Cir. 6/5/08);

- *July 5,* 2008:  Petitioner's deadline expired for seeking further review with the Louisiana Supreme Court.  Therefore, petitioner's conviction became final;

- *September 20, 2009*: Petitioner filed an application for post-conviction relief in the 36th Judicial District Court;

- *February 23, 2010*: The 36th Judicial District Court denied petitioner's application for post-conviction relief. ;

- *August 18, 2010*: Petitioner filed a motion for leave to take an out-of-time writ with the Louisiana Third Circuit Court of Appeal;

- *September 2, 2011*: The Louisiana Third Circuit denied petitioner's motion.  Petitioner timely filed an application for a writ of certiorari with the Louisiana Supreme Court;

- *March 30, 2012*:  The Louisiana Supreme Court denied certiorari.

*See generally* doc. 17.

On September 17, 2012,[1] petitioner filed the instant habeas corpus application.  Doc. 7.  Petitioner asks this court vacate his sentence and conviction then order a new trial, or, at a minimum, order an evidentiary hearing.  Doc. 7, p. 15.

## II. LAW & ANALYSIS

This provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitioner's application.  *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244(d)(1)(A) to provide a one-year statute of

---

[1] Petitioner claims that he hand-delivered his application to prison officials on August 27, 2012 but on the following day, the prison was placed under a state of emergency due to Hurricane Isaac, causing a delay in the court's receipt of his petition.  Doc. 17, p. 7.

limitations for the filing of a *habeas corpus* application by a person in custody pursuant to the judgment of a State court.  This limitations period generally  runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. §2244(d)(1)(A). [2]

The time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period.  28 U.S.C. §2244(d)(2); *see also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998).  However, any lapse of time before the filing of the application *is* counted, and the limitations period is only tolled while the application remains pending.  *Villegas,* 184 F.3d at 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998)).  Federal courts may raise the one-year time limitation *sua sponte*.  *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner directly appealed his conviction and sentence but did not seek review in the Louisiana Supreme Court.  Thus, the direct appeal process ended on June 5, 2008, when the appellate court affirmed (with modification) the conviction.  However, petitioner's judgment of conviction and sentence became final 30 days later on July 5, 2008, when the time limit expired for seeking further direct review in the Louisiana Supreme Court. 28 U.S.C. §2244(d)(1)(A).

Accordingly, the limitations period began to run on July 5, 2008, and petitioner had one year from that date, or until July 5, 2009, to file a timely petition for habeas corpus in federal court. Petitioner failed to do so, and therefore his application is time barred by the provisions of 28 U.S.C. §2244(d). .  Petitioner cannot avail himself of statutory tolling pursuant to §2244(d)(2) because he filed his state-court application for post-conviction relief on September 20, 2009, and

---

[2] Nothing in the record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(B), (C), or (D). Petitioner has not alleged the presence of state-created impediments to filing; nor does his claim arise as a result of a newly recognized Constitutional right; nor does it involve the recent discovery of the factual predicate of his claims.

by that time, the limitations period had already expired and could not be revived.  *See Villegas,* 184 F.3d at 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998)).

### III. RECOMMENDATION

Based on the foregoing,

**IT IS RECOMMENDED** that petitioner's application for a writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have 14 days from the date of its service of to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F. 3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within 14 days from service of this report and recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See 28 U.S.C. §2253(c)(2).*

**A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 10th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE